FILED

FEB 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-15113 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-01072-RLH-LRL |
| v. | |
| LORA A. FRENCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted February 13, 2012[**]
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Lora French appeals her conviction for operating a motor vehicle while

under the influence of alcohol in the Lake Mead National Recreation Area, in

violation of 36 C.F.R. § 4.23(a)(1) and 16 U.S.C. § 3.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.  The district court held that National Park Service Ranger Fletcher Ogg was credible in recounting his observation that French drove through an intersection without stopping at a stop sign.  Ogg therefore had reasonable suspicion to stop French.  *See United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000).

That French was acquitted of the crime of failing to obey a traffic control device does not affect this conclusion.  The district court properly applied a different standard of proof to the conviction, holding that the testimony of French's husband was sufficient to create a reasonable doubt as to whether she actually failed to stop at the stop sign, *see* 36 C.F.R. § 4.12 (failure to obey a traffic control device), but not sufficient to impeach Ranger Ogg's testimony as to what he perceived at the time.

2.  The district court did not err in admitting evidence of the preliminary and evidentiary breath tests.

The preliminary breath test was properly admitted; the fact that the machine was not calibrated once a month, as required by Nevada regulations, Nev. Admin. Code § 484.621, does not render the test results inadmissible in federal court.  *See United States v. Becerra-Garcia*, 397 F.3d 1167, 1173 (9th Cir. 2005).  Testimony introduced at trial laid an adequate foundation for the admission of that test.  Witnesses indicated that the particular device in question was calibrated yearly and

2

was found to be working properly both before and after the night of the stop. We also note, without expressing a view as to whether doing so would be improper, that the district court did not use the results of the preliminary breath test as substantive evidence supporting French's conviction.

The district court also did not err in considering the results of the evidentiary breath test as substantive evidence of French's conviction. Although such evidence is not admissible to show a particular amount of alcohol in the blood without expert evidence relating it back to the time of the stop, it can be used to show that a defendant has been drinking. *United States v. Stanton*, 501 F.3d 1093, 1096 (9th Cir. 2007).

3. Sufficient evidence existed to support French's conviction. *See Jackson v. Virginia*, 443 U.S. 307 (1979) (stating standard). Ranger Ogg observed that French had bloodshot and watery eyes, slurred her speech, smelled of alcohol, and seemed agitated and upset. French was unable to follow instructions while performing the horizontal gaze nystagmus test and was unable to complete the walk and turn test and the one leg stand test. The evidentiary breath test showed that French's blood alcohol content was nearly twice the legal limit 90 minutes after she was pulled over.

AFFIRMED.